## ZIEL, BERTHEAU & CO. v. DUKES et al.

In an action upon a promissory note payable " on demand, after date," it is not neces-
sary to show actual demand before bringing suit. The institution of suit is a demand.
A judgment will not be set aside, on the application of a creditor of the judgment
debtor, upon the ground that the judgment was taken for more than was actually
due upon the note, when it appears that a mistake of a few cents only was made
in calculating the interest due upon the note.

APPEAL from the Fourth District, County of San Francisco.

This was a bill to set aside a judgment upon the ground of fraud,
and for an injunction restraining the collection of the judgment.

The facts are thus stated by the Court:

" It appears that Dukes executed a note for $3,000, in favor of
Jacobs, on the twentieth of October, 1857, payable on ' demand, after
date.'

" Suit was commenced on this note on the nineteenth of November,
and judgment taken on the first of December.

" Plaintiffs, who are judgment creditors of Dukes, seek to set aside
this judgment as fraudulent.    No actual fraud is shown; the objec-
tions urged by the appellant being that the judgment is fraudulent in
law ; because—First. The suit by Jacobs was commenced before the
note was due ; and, Second. Judgment was taken for more than was
actually due on the note."

The Court below decreed that the judgment of Jacobs be set aside
as to all over the sum of $3,000, and as to that amount the judgment
stand; and the attachment issued and levied in the suit of Jacobs v.
Dukes, have priority, as a lien upon the property seized, over that of
the plaintiffs, as to the amount of $3,000 and costs of suit.    Plaintiffs
appealed to this Court.

C. V. Grey for Appellants.

I. The note on which suit was brought was not due at the time
suit was brought.

II. Judgment was taken for a larger amount than was owing at
the time of taking said judgment.

If either of these grounds be true, this Court has held it vitiates the judgment.    See Taaffe, McCahill & Co. v. Josephson et al., 7 Cal. Rep. 352.

The judgment is taken by default.

The proposition is well settled that a default confesses nothing but what is well pleaded.

Now, what is averred in Jacobs' complaint ?   This, and nothing more :   That Dukes, on the twenty-eighth of October, made his promissory note, whereby he promised to pay on demand, after date, the sum of $3,000, with interest.

The note mentioned is not, as will be seen, what is familiarly known as a demand note.   It is payable on demand, after date.

The conclusion is, therefore, clear and irresistible, that before it could become due there must be a demand upon the maker after the day it was made and bore date.   It was a note payable at a future day.

It is clear, that the parties had in contemplation at the time of making it, that it should become due in the future, and to every word of the contract between them effect must be given.   Dixon v. Nuttall, 1 Crampton, Mason & Roscoe, 307 ; 6 Carr & Payne, 320.

But this Court has decided that the payee of a note has the whole of the day on which it falls due in which to pay it, and, therefore, that a suit commenced on that day is premature.   Welcombe v. Dodge et al., 3 Cal. 260 ; McFarland et al. v. Pico et al., 8 Cal. R. 626.

But there is still another reason why this note cannot be considered as due.   Were it a note by its terms payable simply on demand, it would be entitled to days of grace, for the Statute of this State passed April 2d, 1851, (Wood's Digest, p. 73) provided that days of grace shall be allowed on all except sight bills or drafts.

III. Was judgment taken by Jacobs against Dukes for a larger amount than was owing at the time of taking it ?

The note produced promises to pay on demand, after date, without grace, $3,000.

That would entitle the holder to $3,000 when demanded after date ; and interest, if payment was not then made, to run from the time payment was demanded : for the principle is well settled, and our law is, that

interest does not run on a note payable on demand, until after demand made and default of payment.   The complaint was filed the nineteenth of November; it asks for, and the judgment gives, interest from the date of the note, to wit, twenty-eighth of October.

*Harmon & Labatt* for Respondents.

I. Notes "on demand" are due at once on the day of their date. These words are conceded to import simply that there is a subsisting debt then due.   The idea that a formal demand of payment before suit is essential to complete plaintiff's right of action, and that then the maker has the whole day of demand to pay, is not sustained by any good modern authority.   On the contrary, a suit is a demand, and the only demand necessary.   "The demand is not parcel of the contract." Story Prom. N., sec. 29; Wenman *v.* Mohawk Ins. Co., 13 Wend. 268, and cases cited; 1 Monroe, 207; 13 Mass., p. 136.

II. The note being due the day after its date, October 28th, was due October 29th, and drew interest from that time.

Appellant assumes it to be settled law that interest does not run on notes "on demand," until after demand.   For this doctrine he relies upon general law.

Now, although the rule is so laid down in many authorities, particularly where nothing is said about interest on the face of the note, still it is also held differently by other authorities; and the effort has been to make the rule accord with the sense of the thing, to wit, that all notes or claims should bear interest from the time they are due.

But in this State the statute has settled the law.   In Wood's Cal. Dig. 551, the Court will find that ten per cent. per annum interest is allowed "for all moneys after *they become due* on any bond, bill, promissory note, or other instrument of writing   *   *   *   for money lent, for money due on the settlement of accounts, from the day on which the balance is ascertained, and for money received to the use of another."

Even under the English rule, a note promising to pay "£1,500 on demand, with lawful interest," drew interest from date.   Weston *v.* Tomilson, cited in Chitty on Bills, (10 Am. ed.) 681, note (*e.*); Roffey *v.* Grunwell, 2 Perry & Dav. 356.

III. The judgment in Jacobs *v.* Dukes is not for more than was due.

This proposition follows necessarily from the preceding one. If the money was due on the twenty-ninth of October, 1857, a calculation of interest on $3,000 from that day to December 1st, the day of entering the judgment, will give $27.50-100, the exact amount computed by the Clerk.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., and BALDWIN, J., concurring.

Neither of the points in this case are well taken.

The note was presently due, and it was not necessary to show any actual demand to enable Jacobs to recover.

" If a note be made payable at sight, or at ten days after sight, or in ten days after notice, or on request or on demand in all these and the like cases, the note will be held valid as a promissory note, and payable at all events, although, in point of fact, the payee may die without ever having presented the note for sight, or without giving any notice to, or made any request or demand upon the maker for payment. But the law, in all cases of this sort, deems the note to admit a present debt, to be due to the payee, and payable absolutely at all events, whenever, or by whomsoever, the note is presented for payment, according to its purport. Nay, where a note is payable on demand, no other demand need be made, except by bringing a suit thereon. So, where a note does not specify any day or time of payment, it is by law deemed payable on demand, and, therefore, is construed as if it contained the words ' payable on demand ' on its face." Story on Prom. Notes, sec. 29.

The second point is predicated on the fact, that by an error in computing interest, judgment was rendered for $27.50 interest, when the interest due is, by appellant's calculation, only a fraction over $26.

It does not appear whether this error was made by the Clerk, who entered the judgment, or by the plaintiff; at any rate, it is clear that it is the result of a mistake, and we presume no precedent can be found for annulling the judgment for such a cause.

Judgment affirmed.