## GEORGE W. BOND, AND CALVIN VALPY *v.* MARIA HILARIA PACHECO.

JURISDICTION OF JUDGE AT CHAMBERS.—A Judge at chambers has "no jurisdiction to make an order setting aside an execution issued on a judgment and perpetually staying the enforcement of the same."

APPEAL FROM ORDER MADE AT CHAMBERS.—An appeal lies from an order made by a Judge at chambers setting aside an execution and perpetually staying the enforcement of the same.

WHEN JUDGMENT BY DEFAULT ERRONEOUS AND NOT VOID.—A judgment entered by the Clerk upon default for a sum greater than is demanded in the prayer of the complaint and specified in the summons, is not void, but is simply erroneous, and may be enforced until modified on motion or on appeal.

JUDGMENT BY CLERK ON DEFAULT—WHEN VOID.—When the Clerk has authority to enter judgment out of Court by default, but in the exercise of his authority makes a mistake as to the amount, the judgment is not void, but erroneous; but where he enters a kind of judgment which he has no authority to enter without the direction of the Court, the judgment thus entered is void.

APPEAL from the District Court, Third Judicial District, Alameda County.

The action was brought on a promissory note, dated August 21st, 1858, and given for three hundred and forty dollars, with interest at one per cent per month, and if not paid in one month from date to draw interest at two per cent per month. The complaint averred that there was a balance of two hundred and sixty-nine dollars and seventy cents due on the note, with interest thereon at two per cent per month from January 17th, 1859, and prayed for judgment for said sum and interest, amounting in the aggregate to the sum of five hundred and fourteen dollars and seventy cents, and costs. The action was commenced October 27th, 1862.

The summons notified the defendant that the action was brought to obtain a judgment for the sum of five hundred and fourteen dollars and seventy cents, for principal and interest alleged to be due on a certain promissory note fully described

in the complaint, and that if she failed to appear plaintiff would take judgment against her for the sum of five hundred and fourteen dollars and seventy cents, and costs.

The Clerk entered judgment on the 8th day of June, 1863, for the sum of five hundred and fifty-three dollars and seventy-eight cents, the judgment to bear interest at two per cent per month, and costs.

The order setting aside the execution and perpetually staying its enforcement was made December 8th, 1865.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow*, for Appellants, argued that the Judge at chambers had no jurisdiction to set aside the execution; and cited *Casement* v. *Ringgold*, 28 Cal. 325. They also argued that the judgment was not void; and cited *Zeil* v. *Dukes*, 12 Cal. 479; and that at most it was only an error that should have been corrected on motion or on appeal; and cited *Abels* v. *Westervelt*, 15 Abbott, 233; and *Sears* v. *Burnham*, 17 N. Y. 445; and 5 How. Pr. R. 383.

*John W. Dwinelle*, and *W. H. Glascock*, for Respondent, argued that the Judge at chambers had power to make the order under section twenty-five of the Judiciary Act. (Laws of 1862, p. 27.) They also argued that if the Judge had no authority to make the order it was suicidal to the appeal. They further insisted that the judgment was void, and that the Court itself could not have granted any greater relief than that demanded in the complaint and specified in the summons, and the specifications being for a specific sum, judgment for an amount exceeding that sum could not be rendered; and cited *Wallace* v. *Eldridge*, 27 Cal. 495; and *Glidden* v. *Packard*, 28 Cal. 649.

By the Court, SAWYER, J.:

A judgment by default was entered in this action by the Clerk upon due service of summons. The prayer of the complaint was for a specific sum, and the summons specified the

aggregate amount demanded in the complaint. In entering judgment the Clerk, in addition to the specific sum demanded, included subsequently accruing interest, and the judgment provided for interest at the rate specified in the note in suit. The judgment being by default was, therefore, for a larger sum than plaintiff was entitled to recover on the complaint and summons, under sections one hundred forty-seven and one hundred fifty of the Practice Act. Several terms of the Court having elapsed after the entry of the judgment without any steps having been taken by defendant to have it corrected, an execution was issued and placed in the hands of the Sheriff, and a portion of the money made. Subsequently, upon application made and heard at chambers, the Judge of the Court in which the judgment was entered made an order setting aside the "said execution issued upon said pretended judgment," and perpetually staying its enforcement, also directing the Sheriff to restore to said defendant the moneys collected on the same. The plaintiff appeals from this order made in the case subsequent to judgment.

### Jurisdiction of Judge at chambers.

It is claimed by appellants that the Judge had no jurisdiction at chambers to make said order, and in this we think he is right. If the authority to hear motions and make orders of this character at chambers exists, it must be by virtue of the twenty-fifth section of the Judiciary Act of 1863. That section makes it the duty of the District Judges to "transact such business at their chambers as may be done out of Court." It then provides for granting such writs and orders as are usually granted in the first instance on *ex parte* applications, and authorizes the hearing of motions for a discharge of such orders. It then provides for granting certain other writs, and hearing certain designated motions at chambers, but the motion and order in question cannot by any reasonable interpretation be brought within the provisions of the Act, and we know of no other provision giving the Judge at chambers jurisdiction in such proceedings. It is properly a proceeding

to be had before the Court. But the respondent insists, that, if the Judge had no jurisdiction to make the order at chambers, the proceeding is *coram non judice*, and that the order is, therefore, not the subject of an appeal. There is, however, something having the form of an order, purporting to have been made subsequent to the judgment in the course of a judicial proceeding, having the sanction of the District Judge assuming to act in his official capacity. It is such an order as the ministerial officers of the Court would in all probability act upon. Its validity is even maintained by counsel in this Court. Counsel have referred us to no authority to sustain the position that the action of the Court in making it cannot be reviewed on appeal. We think the appellants entitled to have the order vacated.

*Is a judgment entered by Clerk on default void when erroneous?*

One of the questions presented by the record may arise again when the case goes back, and it may as well be decided now. Is the judgment void so as to be an absolute nullity incapable of enforcement, or is it simply an erroneous judgment, which may be enforced until modified on motion made in the proper manner at the proper time, or on appeal from the judgment? Had the same judgment been entered in open Court, by direction of the Court, there can be no doubt that it would have been simply erroneous, and after the adjournment of the term could only be corrected on appeal. Until corrected the judgment would be valid. This action was upon a contract for the recovery of money only; and in such case, after due service of summons, upon failure to answer, the Clerk is authorized to " enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons." He entered judgment—a money judgment—precisely such a judgment, and in such a case, as he was authorized to enter; but he allowed more interest than was specified in the summons, or in the prayer of the complaint, and, therefore, entered judgment for too large a sum— not more than plaintiff was entitled to upon the facts stated

in his complaint, or than he would have been entitled to had an answer been filed and not sustained, but more than was demanded in the prayer or specified in the summons, and, therefore, more than either the Clerk or Court was authorized to grant upon a default, under sections one hundred forty-seven and one hundred fifty of the Practice Act. There was simply an error in amount, and not a judgment in a case, or of a character, which the Clerk was not authorized to enter. It is in principle like the case of *Zeil* v. *Dukes*, 12 Cal. 479. That was a judgment by default entered by the Clerk upon a money demand, in which the Clerk made a mistake in computing interest by which a judgment for too large an amount was entered. Creditors sought to impeach the judgment by a direct proceeding for fraud, on the ground that it was for too large an amount, but the Court held the judgment to be valid. The principle of the case is the same, for if the Clerk is not authorized to include interest actually due, when not prayed for or specified in the summons, he is certainly not authorized to add more interest than is due, when only the interest due is asked or specified. If the judgment is an absolute nullity in the latter case, it must be in the former. Yet such a mistake in the case cited was held not to vitiate the judgment as to creditors seeking to attack it on the ground of fraud. The question in this case, however, was not made, nor does it seem to have occurred to Court, or counsel, that the judgment could be void, simply on the ground that the Clerk was not authorized to enter a judgment for more than was actually due. In the case of *Stearns* v. *Aguirre*, 7 Cal. 443, the judgment held to be void was entered in a case where the Clerk had no authority to enter any judgment at all. So, also, in the case of *Kelly* v. *Van Austin*, 17 Cal. 565, under the conditions set forth, the Clerk had no jurisdiction to enter any several judgment whatever against the parties served. He was authorized to enter a joint judgment only against all the defendants, including those served, and those not served. *Chapin* v. *Thompson*, 20 Cal. 687, depends on the same principle. In *Glidden* v. *Packard*, 28 Cal. 649, there was no service of

summons and no appearance of defendant, consequently there was no jurisdiction of the person and no default. The conditions upon which the Clerk was authorized to act had not arisen. In *Wallace* v. *Eldridge*, 27 Cal. 496, the question decided arose upon appeal from the judgment. The case was undoubtedly correctly determined. The judgment was for coin upon a complaint that did not present any fact whatever which could serve as a basis for such a judgment. To that extent the judgment gave a kind of relief which the Clerk was not authorized to award at all on the facts set out. It was expressly stated that the judgment was valid, except as to that part which directed the payment to be in coin. The principle of the cases of *Stearns* v. *Aguirre* and *Kelly* v. *Van Austin* ought not to be extended to those cases where the Clerk is authorized to do an act, but errs in doing it. In *Kelly* v. *Van Austin*, the Clerk entered a judgment against parties over whom, taken alone, he had no jurisdiction at all. He gave a kind of relief which he was not authorized to afford. In this case he entered the kind of judgment which the statute authorized him to enter; but he erred in the measure of the relief afforded—in the amount recovered. If the cases cannot be distinguished, then we think the case of *Kelly* v. *Van Austin* went too far; but we think they are distinguishable. To hold a judgment by default, entered by the Clerk for too large an amount, absolutely void, would be to establish an unreasonable rule, and render it extremely dangerous to take any judgment by default. In *Gage* v. *Rogers*, 20 Cal. 91, the Court treated such a judgment as valid, and only modified it on appeal, Mr. Chief Justice Field, who wrote the opinion in *Kelly* v. *Van Austin*, concurring. The same course was taken in *Lamping* v. *Hyatt*, 27 Cal. 100, and *Gautier* v. *English*, 29 Cal. 165. The question, however, was not raised. In modifying the judgments, the Court necessarily assumed that they were only erroneous and not absolute nullities. In the case now before the Court the Clerk was authorized to enter a judgment affording the specific kind of relief actually awarded, but he erred in the amount. He must necessarily look to the

summons and prayer to ascertain the amount, and he is liable to err in ascertaining it. To this extent, under the statute, the Clerk exercises the functions of the Court. In such case, we do not think the judgment would be absolutely void, in consequence of an error of the Clerk in determining the amount. It would be an error committed in the performance of an act within his jurisdiction to perform, which could be corrected on motion made in time, or on appeal, but which would not vitiate the judgment if not corrected. There is no want of jurisdiction over the subject matter, but only an error in its exercise. Until modified or reversed, the judgment was valid.

Order reversed.