## NICHOLAS LARCO *v.* FRANCISCO CASANEUAVA AND DOMINGO ORTEZ.

JURISDICTION OF JUDGE AT CHAMBERS.—District Judges have no jurisdiction at chambers to entertain motions to strike out pleadings or parts of pleadings.

POWER OF JUDGE AT CHAMBERS.—The general rule is, that all judicial business must be transacted in Court, and there must be some express warrant of the statute to authorize any of it to be transacted at chambers.

IRRELEVANT MATTER IN A COMPLAINT.—Immaterial matter inserted in a complaint is irrelevant, and should be stricken out as such on motion duly made.

AVERMENT OF EVIDENCE IN A COMPLAINT.—Averments of deraignment of title in a complaint in ejectment are matters of evidence, and should be stricken out as irrelevant.

DISPOSITION OF DEMURRER.—A demurrer cannot be stricken out on motion as a sham and irrelevant defense. A demurrer can be disposed of in no other way than by the regular mode.

RECORD EVIDENCE TO PROVE A WILL.—The record of a Probate Court, consisting of a last will and testament, testimony of the subscribing witnesses, petition of the executor, and order admitting will to probate, are admissible in evidence for the purpose of proving the will, even if no letters have issued.

EXECUTOR'S DEED OF LAND.—Where a will contains specific directions for the disposition of the testator's estate, and empowers the executor to sell the testator's land without obtaining any order of the Probate Court, the executor's deed for the same, without any action of the Probate Court, conveys a good title.

WILL AUTHORIZING EXECUTOR TO SELL PROPERTY.—A will which expressly empowers an executor to sell land without any reference to the Probate Court, is like a power of attorney, and is to be consulted as the source of power to convey.

SALE BY AN EXECUTOR UNDER A WILL.—Where the executor makes sale of the real estate of the testator in pursuance of a full power contained in a will, which directs the testator to sell and hold the proceeds in trust for another person, neither the executor nor any third person can take advantage of the sale on the ground that it was made in fraud of the rights of the *cestui que trust*.

ESTOPPELS IN A DEED.—An executor is estopped by the recitals in his deed, that he was such executor, and had received letters testamentary from the Probate Court.

WHEN ERROR IN RECORD WILL NOT REVERSE JUDGMENT.—A judgment will not be
reversed on account of error in the record if the appellant can gain nothing by a
new trial.

APPEAL from the District Court, Twelfth Judicial District,
San Mateo County.

This was an action of ejectment, and the demanded prem-
ises were described in the complaint as follows: "Being a
part of the Rancho of Corte Madera, and being situated to the
south of the Arroyo of the Alembique, and from thence to the
Arroyo of the Cañada of Dennis Martin, and its breadth is
from the Arroyo of the Sausal to the high trees of the sierra
which looks to the east;" and being otherwise described as
"bounded on the north by the Arroyo Alembique; on the
south by the creek known as Dennis Martin's Creek; on the
east by the Sausal Creek, and on the west by the high trees
on the summit of the mountain," and being the same land
conveyed by Prudencio Espinosa and his wife to Pedro Lazo
and Francisco Casaneuava, on the 4th day of March, A. D.
1853, and subsequently conveyed by said Francisco Casaneuava
to Francisco Llaguna, and by said Llaguna to this plaintiff.

The defendants moved separately to strike out as irrelevant
and redundant, and as matter of evidence, the following:
"Being the same land conveyed by Prudencio Espinosa and
his wife to Pedro Lazo and Francisco Casaneuava, on the 4th
day of March, A. D. 1853, and subsequently conveyed by said
Francisco Casaneuava to Francisco Llaguna, and by said
Llaguna to this plaintiff."

The defendant, Francisco Casaneuava, was the same person
who was executor of the last will of Louis Casaneuava. In
his answer he set up as an equitable defense that the will,
under which he had purported to convey the property as exec-
utor, was not the will of Louis, and that he (Francisco) never
had the right or power to act as executor, and that no letters
testamentary had ever issued to him, nor had he ever qualified
as executor; and that about the 4th of March, 1857, he

71

assumed to act as executor, and agreed to convey the interest of the intestate in the land to Francisco Llaguna, and that in pursuance of the agreement he made a conveyance as executor to said Llaguna, and that Llaguna in consideration thereof agreed to give him for the benefit of the estate two hundred good milch cows, and that Llaguna had refused to deliver any of the cattle or comply with his agreement, and that Llaguna had never paid any consideration for the land, and that plaintiff Larco purchased of Llaguna with full knowledge of these facts.

The Court below admitted in evidence the record of the probate of the will in the Probate Court, and the deed of the executor to Llaguna. Plaintiff recovered judgment against both defendants, and defendants appealed.

The other facts are stated in the opinion of the Court.

*Francis E. Spencer,* for Appellants, argued that the Court had no power at chambers to entertain motions to strike out defendants' demurrers and motions, because demurrers raised issues at law which must be tried by the Court, and answers raised issues of fact which must thus be tried, no matter how unsound those issues might be ; and cited Practice Act, Secs. 152, 154, and 155 ; *Smith* v. *Brown,* 6 How. Pr. R. 384. He also argued that the Court should have stricken out the part of the complaint objected to ; and cited *Coryell* v. *Cain,* 16 Cal. 567. He argued further that the probate record should not have been admitted in evidence, because letters were never issued and the executor had never qualified ; and cited Probate Act, Secs. 41 and 72 ; *Carter's Executor* v. *Carter,* 10 B. Munroe, 329 ; *Rounds* v. *Mansfield,* 38 Maine, 586. He also insisted that the executor's deed was improperly admitted in evidence, because the executor simply styled himself as executor of the last will of Louis Casaneuava, without stating that he derived any power to sell from the Probate Court; and cited *Lockwood* v. *Steudevant,* 6 Conn. 373 ; *Donahoe* v. *McNulty,* 24 Cal. 413 ; Probate Act, Sec. 172 ; *White* v. *Moses,* 21 Cal. 43. He also argued that the sale was void, because it

was made for a consideration to and the benefit of the executor, ignoring the interests of the heirs, of which Llaguna had knowledge; and cited *Singstack* v. *Harding*, 4 Har. & J. 89; *Allen* v. *De Witt*, 3 Coms. 276. He argued, moreover, that as the executor was acting as an officer in a fiduciary capacity, he was not estopped by the recitals of the deed; and cited *Morrison* v. *Wilson*, 13 Cal. 497; *Thayer* v. *Wendal*, 1 Gallis, 37; 2 Parsons on Con. 789; *Blake* v. *Tucker*, 12 Vt. 39.

*Campbell, Fox & Campbell*, for Respondent, argued that a demurrer was a defense, and if sham or irrelevant, could be stricken out; and cited *Roberts* v. *Clark*, 10 How. Pr. R. 451; *Marquise* v. *Crandall*, 12 Id. 399; and *Rochester City Bank* v. *Rapelje*, 12 Id. 26. They argued also that the probate record was properly admitted in evidence, because it showed that the will had been proved and allowed, and this probate of the will confirmed the appointment of the executor, and that the law only required the issuance of letters where appointment of an executor had not been made by the will; and cited *Norris* v. *Harris*, 15 Cal. 255. They also argued that this was not a case which required letters to issue and a sale to be made under an order of the Probate Court, because the will itself conferred a power to sell without an order of Court, and that the probate law directing the manner of making sales of real estate was only operative in the absence of testamentary power to sell; and cited *Payne* v. *Payne*, 18 Cal. 303.

By the Court, SANDERSON, J.:

The action was brought in the County of San Mateo. The defendants filed separate motions to strike out a portion of the complaint and also separate demurrers. Thereupon the plaintiff served notice of motion to take up defendants' motions, and to strike out their demurrers as sham and irrelevant defenses, said motion to be heard out of the County of San Mateo, at San Francisco. It appears from the bill of exceptions that the plaintiff's motion was heard by the Judge at chambers

in the City of San Francisco; that the defendants objected *in limine* to the Judge's entertaining the plaintiff's motion, on the ground that he had no jurisdiction over the subject matter out of the county or out of term. The Judge, nevertheless, entertained the motion, and finally sustained it in both respects.

It is claimed that the Judge erred in entertaining the motion and also in his ruling upon it.

### Power of Judge at chambers.

This motion was not such business as a Judge is authorized to transact out of Court. The jurisdiction of District Judges at chambers is defined in the twenty-fifth section of the Judiciary Act, where they are authorized to try and determine writs of mandamus, certiorari, quo warranto, motions for new trials, for orders and writs usually granted *ex parte* in the first instance, and motions to discharge such orders and writs. Motions to strike out pleadings or parts of pleadings are not mentioned, nor are they embraced in any class of motions which are mentioned. There seems to be no good reason why motions like the present should not be heard at chambers. Such a course would undoubtedly facilitate business, but it is sufficient to say that the Legislature has not so provided. On the contrary, sections fifty and fifty-seven of the Practice Act seem to require such motions to be heard in term; but aside from this, the general rule is that all judicial business must be transacted in term whether there is any express direction to that effect or not. Such business as may be transacted out of Court is exceptional and must find its warrant in some express provision of the statute. The five hundred and sixteenth section of the Practice Act does not aid the respondent. That section only prescribes the venue of such motions as may be made out of Court, but does not undertake to say what such motions are.

### Irrelevant matter in a complaint.

The Court also erred in not striking out that portion of the

complaint indicated in the defendants' motion.   It cannot be
regarded as matter of description, for it describes nothing in
the sense of the fifty-eighth section of the Practice Act, which
requires the land to be described by its metes and bounds.   It
is therefore either immaterial matter which encumbers the
record, and which the defendants, if so inclined, have a right
to have removed ; or it is matter of evidence which ought not
to be inserted in a pleading under our system, even where it
consists of a deraignment of title in an action of ejectment.
(*Green* v. *Palmer*, 15 Cal. 411 ; *Coryell* v. *Cain*, 16 Cal. 567 ;
*Willson* v. *Cleaveland, ante*, 192.)

### *Striking out demurrers.*

The Court also erred in striking out the defendants' demur-
rers as sham and irrelevant defenses.   The Practice Act does not
authorize such a course.   The language of the fiftieth section
is that " sham and irrelevant answers and defenses, and so much
of any answer as may be irrelevant, redundant and immaterial,
may be stricken out, on motion," etc.   Demurrers are not
named nor are they embraced in the word " defenses."   A
demurrer is a pleading, and not a defense, in the meaning of
the Practice Act.   The intent is obvious.   If an answer is all
sham it may be all stricken out ; if it contains several defenses,
some of which are good and others sham, the latter may be
stricken out.   Again, if the word " defenses " includes demur-
rers, by parity of reason it includes answers, and if so, why
was the latter word used, or if used, why was not the former,
if it was intended to put both upon the same level and subject
both to the same rule ?   Moreover, what is meant is shown
beyond all controversy by the context.   In the next preceding
clause of the sentence the defenses referred to are characterized
as " set up in the answer."   The word occurs twice, and there
is no pretense for saying that it means anything more or differ-
ent in the second place than it does in the first.   Nowhere in
the Practice Act are answers and demurrers spoken of as
defenses.   When not mentioned by name they are designated
by the word pleadings.   Wherever the word defenses is em-

ployed it is employed to represent the matters of fact alleged in the answer. Furthermore, this interpretation is sustained by the reason of the rule which the section prescribes. There is no reason why a demurrer should be disposed of in any other way than the regular mode. It can be done as expeditiously by hearing the demurrer itself as by hearing a motion to strike it out, for as we have already seen the latter can no more be heard out of term than the former. They both raise but an issue of law, and one can be reached and disposed of as soon as the other, and at as little expense. There is, therefore, no conceivable reason why a demurrer should be subjected to the rule in question. But it is otherwise with an answer. An answer raises issues of fact to be tried upon testimony attended with delay and expense. Hence the necessity for a rule by which the whole matter, or a part of it, may be summarily disposed of and such delay and expense to that extent avoided.

### *Probate of a will as evidence.*

II. The plaintiff claimed title from Louis Casaneuava through a deed from the defendant Francisco Casaneuava, as his executor to one Francisco Llaguna, and a deed from the latter to himself. In support of his title the plaintiff offered in evidence a certified copy of the record of the Probate Court of the County of San Francisco in the matter of the last will and testament of Louis Casaneuava, consisting of a copy of the will, testimony of the subscribing witnesses, petition of the defendant, Francisco Casaneuava, asking that it be admitted to probate, notice and order for the hearing, and order admitting the will to probate. By the will Louis Casaneuava bequeathed to his sister Juana Casaneuava, of the City of Santiago, the Capital of Chile, the proceeds of the sale of all his property, both real and personal, in this State, and appointed his brother, the defendant Francisco Casaneuava, his executor with power to sell and convey all his property for the benefit of his sister without obtaining any order of any Court therefor and without giving the bonds required by law for the faithful performance of his trust.

To the introduction of this record the defendants objected on two grounds: First—Because it did not appear therefrom that letters testamentary were ever issued to Francisco Casaneuava, or that there was any order of the Court therefor; and, second, because it did not appear that Francisco Casaneuava had ever qualified as executor by taking the oath of office. If true, these objections furnished no reason why the record should be excluded. It certainly proved the will and was admissible for that purpose. How much the record proved when in was another question which will be noticed hereafter.

### *Deed of executor made under a power in a will.*

The plaintiff also offered a deed from Francisco Casaneuava to Francisco Llaguna, executed by the former as the executor of Louis Casaneuava. To this deed the defendants objected, because it did not show the authority or power of the executor to make it; that it contained no order or reference thereto of the Probate Court confirming the sale, and, generally, it did not show a compliance with the law in any respect as to sales by executors and was therefore void.

To these objections it is answered by the respondent generally that the case is not within the Probate Act, and a compliance with its conditions are not therefore requisite, and that the executor took his power from the will alone, and hence the showing on the part of the plaintiff is sufficient, notwithstanding a compliance with the Probate Act is not shown.

Where the will contains specific directions as to the disposition of the testator's estate and empowers the executor to proceed in a particular mode without any reference to the mode dictated by the Probate Act, the will so far takes the place of that Act, and becomes the executor's source of power and guide in the premises, under the rule announced in *Norris* v. *Harris*, 15 Cal. 225, and *Payne* v. *Payne*, 18 Cal. 291. The will before us contains the following clause: "I hereby appoint my brother, Francisco Casaneuava, my executor of

this my last will with power to sell, dispose of and convey all my said property, both real and personal, for the benefit of my said sister, without obtaining any order of any Court therefor. And I hereby dispense with the necessity of his giving the bonds required by law for the faithful execution of the trust hereby created." This language is broad and general and clearly shows that the intent of the testator was to withdraw his estate from the operation of the Probate Act and vest in his executor full power to convert in his own way the estate into cash for the benefit of his sister. Under this will no action was necessary on the part of the Probate Court in any respect, to render a sale by the executor valid. It not being essential to the validity of the sale that it should be conducted in the statutory mode, the deed to Llaguna is clearly sufficient to pass the testator's title. It shows upon its face that Francisco Casaneuava acted, in making it, under the will of Louis Casaneuava. He does not pretend to be acting under the orders of the Probate Court, and hence the validity of the deed is not to be determined by the law of that Court. Undoubtedly, where an executor or any other person undertakes to pass title by statutory modes, it must appear that those modes have been followed or the act will be a nullity; but such is not this case. The party here acts under a will and the will authorizes the act, and, like a power of attorney, is to be looked to and consulted on the question of power, and if found sufficient, the act must be declared valid.

It follows that the legal title passed by the deed to Llaguna, and from him to the plaintiff. If, as defendants claim, the sale was tainted with fraud as to Juana Casaneuava, the devisee, we cannot perceive how the defendants can take advantage of it, even if fully known to Llaguna and the plaintiff. So far as the defendants are concerned, the equitable matters set out in the answer, if true, are unavailable. What advantage Juana Casaneuava might take of any fraud which may have tainted the sale is not in question. If there was any fraud on account of which a Court of equity would cancel

the deed or charge the plaintiff as trustee, she is the only person injured by it and the only person who can take advantage of it. If there was any fraud, Francisco Casaneuava was a party to it, and he cannot be allowed to take advantage of his own wrong.

In the deed Francisco Casaneuava recites that he is the executor of his brother, and that he has letters testamentary from the Probate Court. If, therefore, as claimed, his taking the oath of office and letters was essential to the validity of his acts under the circumstances of this case (a point we do not decide) as against him, those facts are sufficiently shown by the recitals of his deed, which he at least cannot be heard to deny.

We deem it unnecessary to notice the exceptions to the ruling of the Court in excluding the conveyances offered by the defendant on the question of adverse possession under the Statute of Limitations. With those conveyances in, we think the finding of the Court on the defense of the statute correct.

Although we have found error in the record, it is apparent that the defendants would gain nothing by a new trial; the judgment is therefore affirmed, but without costs.


SAWYER, J., concurring specially:

I am not prepared to say that a sham or frivolous demurrer is not a defense within the meaning of the statute that may be stricken out on motion. There must be some mode of making a summary disposition of such pleadings manifestly filed in bad faith for the purpose of delay. Perhaps the object might be as well accomplished by taking such demurrers up on notice out of their regular order, overruling them and rendering judgment at once without giving leave to amend. The result would be the same, reached nominally by a difference in the form of the motion and entry. In this case there was nothing in the demurrer, and the defendant afterwards answered and had the full benefit of a trial. On the other points I concur. Also in the judgment.