SANFORD BENNETT v. J. B. SOUTHARD, JUDGE OF THE DISTRICT COURT, SEVENTH JUDICIAL DISTRICT, IN AND FOR THE COUNTY OF MENDOCINO.

ACTIONS FOR DIVORCE—ORDERS IN.—In an action for divorce brought by the wife, the Judge of the Court in which the action is pending has no jurisdiction to hear and determine in the District Court of an adjoining county of the same District an application by the wife for an allowance *pendente lite,* and for the custody of the children of the marriage.

IDEM—An order for alimony and the custody of the children *pendente lite* can only be made by the Court in which the action for divorce is pending.

IN the Supreme Court of the State of California.

This was a proceeding instituted in this Court to review and set aside as void a certain order made by the respondent

as Judge of the District Court of the Seventh Judicial District in and for Mendocino County.

It appears from the petition of the petitioner and return to the writ of review, that on and prior to the 20th day of July, 1866, there was pending in the District Court of said Judicial District in and for Sonoma County, an action commenced by Susan Bennett against petitioner for a decree of divorce from the bonds of matrimony then subsisting between said Susan Bennett and petitioner, in which action the petitioner had appeared and answered the complaint filed therein. That prior to said date the respondent had caused a citation to be issued to the petitioner to appear and show cause before him, in the City of Ukiah, in Mendocino County, why Susan Bennett, the plaintiff in said action, should not be allowed the sum of two thousand five hundred dollars out of the estate of the petitioner, for the prosecution of said action and for the maintenance of her and her children; also, to show cause why she should not have the care and custody of said children. That on said day the respondent caused to be entered on the records of said District Court, in and for Mendocino County, the order following, to wit:

STATE OF CALIFORNIA,     }
    County of Mendocino. }

*In the District Court of the Seventh Judicial District.*

Regular Term.—Friday, July 20th, 1866. Court met, pursuant to adjournment. Present—Hon. J. B. Southard, District Judge; Thomas H. Bond, District Attorney; Lew. M. Warden, Sheriff; James Anderson, Clerk.

SUSAN BENNETT,     }
    *v.*     }
SANFORD BENNETT. }

*Order for Alimony and Custody of Children.*

An order to show cause why Susan Bennett should not have the care and custody of her two infant children; also, asking for a maintenance for herself and her two children,

and costs of litigating this suit for divorce in case of *Susan Bennett* v. *Sanford Bennett.*

The case being called up for hearing, L. A. Norton, Esq., appearing for plaintiff, and Messrs. Spurr & Thomas for the defendant, after a full hearing of the case by the Court, both by affidavit and witnesses examined on part of plaintiff and defendant, and after argument of counsel:

It is ordered and decreed by the Court that Susan Bennett, plaintiff, have the charge and custody of her two infant children; and that said Sanford Bennett, defendant, pay, within ten days from the date of this order, to the said Susan Bennett, for the purposes above named, one thousand dollars in legal money of the United States.

It is further ordered that the said Sanford Bennett, defendant, deliver to the said Susan Bennett the aforesaid infant children, until the further order of this Court, on demand of the said Susan Bennett, and on serving a copy of this order.

It is further ordered by the Court that a certified copy of this order, together with all papers filed in this Court, be transferred to and filed in the office of the Clerk of Sonoma County.

J. B. SOUTHARD, District Judge.

*A. Thomas*, for Petitioner.

The District Court for Mendocino County had no jurisdiction of the action of *Bennett* v. *Bennett* for a divorce, then pending in Sonoma County. (Act concerning divorces, Sec. 7.) Nor was the order under review of any validity as an order of the Judge at Chambers. It was not such an order as a Judge at Chambers could make. (*Bond* v. *Pacheco*, 30 Cal. 532; *Larco* v. *Casaneuava*, 30 Cal. 564.)

*Norton & Williams*, for Respondent.

By the Court, Crockett, J.:

The only question presented by the record in this case is, whether or not, in an action for divorce brought by the wife, the Judge of the Court in which the action is pending has jurisdiction, pending the action, to hear and determine, in the District Court of an adjoining county of the same district, an application by the wife for an allowance *pendente lite*, and for the care and custody of the children of the marriage.

Section seven of the Act concerning divorces provides explicitly that the Court in which the action is pending may make an order for the support of the wife, and the maintenance and education of the children, during the progress of the action.

Section five hundred and sixteen of the Practice Act provides that "motions shall be made in the county in which the action is brought, or in an adjoining county in the same district."

An order for alimony and for the custody of the children *pendente lite* can only be made by the Court in which the action for divorce is pending. The statute concerning divorces does not authorize the Judge at Chambers to make the order, and requires the application to be made to the Court.

Section five hundred and sixteen of the Practice Act applies only to such motions as the Judge is authorized to hear at Chambers, and we have several times defined what these motions are. (*Bond* v. *Pacheco*, 30 Cal. 532; *Larco* v. *Casaneuava*, 30 Cal. 564.)

If the practice adopted in this case were to prevail, we should have different branches of the same action pending in two Courts at the same time, which would lead to inextricable confusion in the trial of causes.

Our conclusion is, that the District Court of Mendocino County had no jurisdiction of the motion; and the order of that Court, entered on the 20th day of July, 1866, awarding

to the plaintiff, Susan Bennett, the custody of the two children, and directing the defendant, Sanford Bennett, to pay to the plaintiff one thousand dollars, should be vacated and set aside; and it is so ordered.