## IN THE MATTER OF WALKER'S ESTATE.

EXECUTORS.—POWER BY WILL.—SALE OF REAL ESTATE.—Section 4145, 2 Comp. Laws 1888, p. 498, provides: "No sale of any property of an estate of a decedent is valid unless made under order of the probate court, except as otherwise provided in this chapter;" Section 4181, same chapter provides, "Where property is directed by the will to be sold, or authority is given by the will to sell property, the executor may sell any property of the estate without order of the court, and at either public or private sale, and with or without notice, as the testator may have directed, but the executor must make return of such sales as in other cases; and if directions are given in the will as to the mode of selling, or the particular property to be sold such directions must be observed." A will gave the executors power to sell either at public or private sale, in their discretion, any portion of the estate for the purpose of effectuating the intentions and commands of the will; held, that a sale of real property without the statutory notice is invalid.

APPEAL from an order of the district court of the third district refusing to confirm a sale of real estate, appealed from the probate court. The opinion states the facts.

*Messrs. Marshall and Royle* for the executors of the will, cited *Fallon* v. *Butler*, 21 Cal. 31. Sec. 4181 is declaratory of common law, except as to making return and con-

24

firmation by the court. In absence of prohibition discretion given to executors permits them to sell with or without notice. 2 Perry on Trusts, Sec. 780. *Burr* v. *McEwin,* Baldwin C. C. Rep. 164; *Minuse* v. *Cox,* 5 Johns. Ch. 445; *Crane* v. *Reeder,* 22 Mich. 339; *Colton* v. *Colton,* 127 U. S. 321. Executors' powers are only changed as to report and confirmation. *Bond* v. *Zeigler,* 44 Am. Dec. 556; *Crane* v. *Reeder,* 22 Mich. 339. The statute is only operative in the absence of testamentary power. *Payne* v. *Payne,* 18 Cal. 291; *Norris.* v. *Harris,* 15 Cal. 255; *Larco* v. *Casanueva,* 30 Cal. 567. The case of *Estate of Durham,* 49 Cal. 490, was decided upon a statute that by its terms, compelled the executor to give the same notice as an administrator and proceed in making the sale in all respects as if it were made under the order of the court.

*Mr. W. H. Dickson* for the purchasers at the sale:

Argued that the *Estate of Durham,* 49 Cal., 490, and *Perkins* v. *Gridley,* 50 Cal. 96, were not in point. The sole question there was with reference to the necessity of notice given of an application to have a sale confirmed. What was said as to notice was said with reference to a statute not at all like the one in question, but was identical with Sec. 900, Comp. Laws, 1876, p. 316.

*Mr. P. L. Williams* appeared and filed a brief as *amicus curiæ.*

ANDERSON, J.

This is an appeal from a judgment of the third district court refusing to confirm certain sales of real estate made by the executors of Samuel S. Walker, deceased. The deceased died September 10, 1887, in Salt Lake county, in this territory, seised of a large amount of real estate. He left a widow and six children. He left a will made in 1882, by which he devised to his widow, during her natural life, one-third of all his estate, and the balance of his estate to his children. He also directed in his will that his executors pay to each of his children, on attaining the age of majority, the sum of $5,000. The seventh clause of the

will is as follows: "*Seventh.* The executors of this will shall have power to sell, either at public or private sale, in their discretion, any portion of my estate for the purpose of effectuating the intentions and commands thereof." The last clause of the will is as follows: "*Lastly.* I hereby appoint my brothers, Joseph R. Walker and Matthew H. Walker, (or, in case of the death of either of them, the survivor), the executors of this, my last will and testament; and neither of them shall be required to give bonds for the faithful performance of their duties hereunder." The will was duly admitted to probate, and the executors named entered upon their duties, and in their capacity as such executors made various contracts for the sale of portions of the real estate for the purpose of paying off the indebtedness of the estate. These contracts were reported by the executors to the probate court, and an order was asked confirming the sales, and notice was given pursuant to the statute that a hearing would be had. Upon the hearing the probate court refused to confirm the sales because no notice of such sales had been given by the executors, and the executors appealed from that order to the district court. Upon the hearing in the district court it was shown that the several parcels of real estate had been sold by the executors at private sale, without notice. The widow and some of the children testified that the sales were fair; that they were in the interest of the estate; and that no one was opposing the confirmation. The court found that the executors had acted in good faith, and that the sales had been fairly made, but denied the motion of the executors to confirm the sale, because no notice had been given. From this order the executors have appealed to this court, and the sole question presented for our determination is whether the executors had the authority, under the will, to make the sales without advertising, before the sales were made.

At common law, the power and authority given under a will was exercised the same as any other authority, and the will was to be looked to and consulted on the question of power, the same as where a party acted under a power of attorney, and it was unnecessary to have the aid of the probate court

in executing it; but in this territory, while the right to dispose of property by will is not limited by statute, the statutes regulate the exercise of the right, and prescribe the manner in which, in certain cases, the authority conferred by the will may be executed by the executors. The statutes of this territory in regard to the settlement of the estates of decedents provides that "no sale of any property of an estate of a decedent is valid unless made under order of the probate court, except as otherwise provided in this chapter. All sales must be reported under oath to and confirmed by the court before the title of the property sold passes." Comp. Laws 1888, Sec. 4145. Other sections of the statutes prescribe what the order of sale shall contain, the notice of sale that shall be given, the return of the sale to the court, the manner in which the sales may be confirmed, and the notice that shall be given of the application for the order of the confirmation. The statute provides with much particularity the mode of procedure in all cases of sale of the real estate of decedents, where there is no will, or where the will fails to direct how sales shall be made. The exceptions to the mode of sale prescribed in the statute referred to in Section 4145, are found Section 4181, and are as follows: "When property is directed by the will to be sold, or authority is given by the will to sell property, the executor may sell any property of the estate without order of the court, and at either public or private sale, and with or without notice, as the testator may have directed, but the executor must make return of such sales, as in other cases; and if directions are given in the will as to the mode of selling, or the particular property to be sold, such directions must be observed. In either case, no title passes unless the sale be confirmed by the court."

Where a will confers upon an executor a power coupled with an interest, or the fee in the estate is devised to the executor in trust for the benefit of other persons, and the intention of the testator to take the management of his estate out of the probate act is clear, the interest vested in the executor, and the power and authority given him by the will, authorize him, after the will has been probated, to proceed to sell real estate in the manner directed by the

will without obtaining an order of sale from the probate court, and without giving the statutory notice of such sale, and without asking the court for an order of confirmation. *Estate of Delaney*, 49 Cal., 76; *Payne* v. *Payne*, 18 Cal., 292; *Norris* v. *Harris*, 15 Cal., 255, 256; *Larco* v. *Casaneuava*, 30 Cal., 568; *Estate of Durham*, 49 Cal., 495.

But a different rule prevails where the will confers upon the executor a mere naked power, not coupled with any interest. In such a case, if authority to sell is given by the will, or the will directs a sale of property, an order of sale by the court is unnecessary, and the executor may sell without such order, in the manner directed by the testator. But if the testator has given no direction in the will, the case comes within the provisions of the probate act, and the sale must be conducted under the orders of the probate court, and in accordance with the statute. *Estate of Durham, supra.* In this case it is not contended that the will confers anything more than a mere power. The executors have so treated it, and have in all respects complied with the statute, except that no notice was given of the sale. But counsel for appellants contend the will authorized the executors to sell without notice if in the exercise of their discretion they determined to sell in that way; that the language of the will, authorizing them to sell "either at public or private sale, in their discretion," left the question of notice as much in their discretion as the question as to whether the sale should be public or private. At the time this will was made the statutes of this territory provided that an executor should give notice of the sale of property, the same as an administrator, unless there were special directions given in the will, in which case he was to be governed by such directions. The present statute provides that the sale may be either "with or without notice, as the testator may have directed;" and that if "directions are given as to the mode of selling, or the particular property to be sold, such directions must be observed." We think, as to the question of notice, there is no material difference in the two statutes. The earlier Utah statute was an exact copy of the California statute in force prior to July, 1874, and the present Utah

statute is substantially the same as the California statute which was adopted in that year. Counsel for appellants refer us to *Larco* v. *Casaneuava*, 30 Cal., 561, and insist that, as we adopted the California statute, the rule there laid down should control the decision in this case. In that case the will contained the following clause: "I hereby appoint my brother, Francisco Casaneuava, my executor of this my last will, with power to sell, dispose of, and convey all my said property, both real and personal, for the benefit of my said sister, without obtaining any order of any court therefor. And I hereby dispense with the necessity of his giving the bonds required by law for the faithful execution of the trust hereby created." In that case it will be seen that the power conferred was upon the person named; that he was authorized to convert the entire estate into money, and reduce it to his possession. The court in that case substantially held that it was a power coupled with an interest, and that, taking it altogether, it was apparent that he intended to take the execution of his will wholly out of the possession of the probate act, and that it was unnecessary for him to apply to the court for authority to sell, or ask the court to confirm the sale after it had been made. If the will in this case should be construed the same as the will in that case, then the order of confirmation now sought to be obtained would be unnecessary, as the executors could proceed wholly independent of the probate court. But in the later case of *Estate of Durham*, 49 Cal., 495, which arose under the former statute of California, which was identical with our earlier statute, and substantially the same as our present probate act, the court says: "When, therefore, the will creates a naked power—a power not coupled with an interest—the executors must give notice of the sale, return accounts thereof, and, unless there are special directions in the will, must conduct the sale in all respects as if made under the order of the court."

In this case we must presume the testator made his will in view of the provisions of the statute in force at the time he wrote it. He devised his property in fee to his children, and conferred upon his executors the mere power

to sell as much of his property as might be necessary to carry out the provisions of the will, and authorized them to sell at either public or private sale, in their discretion, but gave them no other discretion in the conduct of the sale, and gave no discretion as to how the sale should be conducted. He did nothing indicating an intention to take the execution of his will out of the probate act. The power to sell his property is conferred upon his executors, whoever they may be, and is not conferred upon the executors in his will by name. The appointment of the executors is in a separate and independent provision. He must have made it with the understanding that whoever executed the will would be required to comply with the provisions of the probate act, and that it would be under the supervision of the probate court. It is reasonable to conclude, when he authorized the executors to sell at public or private sale, he meant the kind of private sale provided for in the statute, and which required that notice should be given. If he had intended that these sales might be made without notice, it is reasonable to conclude he would have so stated. We are of the opinion that the will in this case confers a mere naked power upon the executors; that it authorizes them to determine whether sales of property shall be at public or private sale; but that, in whichever way they proceed, the sale must be conducted pursuant to the statute, and, the statutory notice not having been given of the sales in controversy, they are invalid. The judgment of the district court is affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.